**FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11166

Non-Argument Calendar

_____

MARION PARNELL, JR.,

*Plaintiff-Appellant,*

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-24008-FAM

_____

Before JORDAN, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Marion Parnell, Jr., an African-American male represented by counsel, appeals the district court's grant of summary judgment in

favor of the Florida Department of Corrections (FDOC), his previous employer, on his retaliation claims brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101.

On appeal, Parnell makes two arguments. First, he argues that the district court erred in granting summary judgment for the FDOC on his Title VII retaliation claim because his disciplinary history or excessive absenteeism caused his demotion and termination. Second, he argues that the court erred in granting summary judgment on his ADA retaliation claim because his request for an ADA accommodation caused his demotion and termination.

## I.

"We review a grant of summary judgment de novo, viewing all facts in the record in the light most favorable to the nonmovant and drawing all inferences in [his] favor." *Baker v. Upson Reg'l Med. Ctr.*, 94 F.4th 1312, 1316–17 (11th Cir. 2024) (per curiam). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

After review of the briefs and reviewing the record in the light most favorable to Parnell, we conclude that the district court did not err in granting summary judgment on Parnell's Title VII retaliation claim because he was unable to demonstrate with competent evidence or inferences in his favor that his filing of an Equal

Employment Opportunity Commission complaint caused his demotion and termination or that he was disciplined for any reason apart from his disciplinary infractions and excessive absenteeism.

Applying the same standards, we also conclude that the district court did not err in entering summary judgment on Parnell's ADA retaliation claim because he was unable to demonstrate with competent evidence or inferences in his favor that his request for accommodation under the ADA caused his demotion and termination.

## II.

The FDOC has moved for sanctions under Federal Rule of Appellate Procedure 27 and our inherent authority, seeking attorney's fees and to strike portions of Parnell's reply brief. The FDOC argues that Parnell's reply brief cites two non-existent court opinions and at least five non-existent quotations from our opinions. Parnell responds that he withdraws any erroneous statements in his reply brief, which renders the FDOC's motion "moot." He argues that the errors were not made in bad faith and his reply brief's arguments are still legally correct.

Rule 1 in Addendum Eight of our Standards for Professional Conduct provides that:

> A. An act or omission of an attorney admitted to practice before the Court . . . that violates the Code of Professional Responsibility or Rules of Professional Conduct adopted by this Court, shall constitute misconduct and shall be grounds for discipline, whether

or not the act or omission occurred in the course of an attorney-client relationship. . . .

B. Discipline for misconduct defined in these rules may consist of disbarment, suspension, reprimand, monetary sanctions (including payment of the costs of disciplinary proceedings), removal from district court Criminal Justice Act panels, removal from the Court's roster of attorneys eligible for practice before the Court and for appointment under the Criminal Justice Act, or any other sanction the Court may deem appropriate.

11th Cir. R., Addendum Eight, Rule 1.

Rule 27-4 sanctions may be monetary or non-monetary, including an order to pay a penalty to us or to award attorney's fees and costs to an opposing party. 11th Cir. R. 27-4.

Federal courts also have inherent authority to police parties that appear before them, which permits the imposition of sanctions on parties who have "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (citations and quotations omitted). "The key to unlocking a court's inherent power is a finding of bad faith." *Id.* In the absence of direct evidence of subjective bad faith, a court may still exercise its inherent authority to sanction a party for knowingly or recklessly raising a frivolous argument. *Id.* at 1225.

We ordered supplemental briefing to provide Parnell's counsel the opportunity to explain where the defective cases and

quotes came from, but counsel merely repeats that he has been unable to identify a verified source with the non-existent opinions and that "the challenged material did not come from a verified review of the cited opinions." Counsel does not provide an explanation for how the opinions appeared in the reply brief.[1]

We are disappointed with counsel's lack of forthcoming candor. Courts around the world currently face a well-publicized problem of attorneys citing hallucinated authorities. *See* Damien Charlotin, *AI Hallucination Cases*, https://perma.cc/U84C-WGA7 (last visited May, 22, 2026) (listing over 1000 judicial decisions dealing with AI hallucinations). Presumably, counsel wrote the reply brief,[2] and should thus be familiar with how he came to rely on the nonexistent authorities. Whether the appellant's citations were generated by AI, as we suspect, or simply made up by counsel, we

---

[1] It seems as though counsel has relied on generative artificial intelligence (AI) in writing his reply brief, as seen through the "hallucinated" cases. *See* Thomas J Donlon, *AI Hallucinations Are Real—and How to Avoid Them*, Am. Bar Ass'n (Oct. 30, 2025), https://perma.cc/ML7Y-H7ZW ("[I]f you want to persuade an appellate court, make sure the authorities you rely on, and the words you quote, are correct.").

[2] Whether counsel wrote the reply brief, relied on a non-lawyer for drafting, or used a notoriously unreliable generative AI platform, counsel's signature verifies that his contentions "are warranted by existing law." Fed. R. Civ. P. 11(b)(2). Every litigant deserves reliable and competent representation, and should be able to look at their attorney's certifying signature as proof that the attorney has endeavored to meet the baseline level of competency. This Court hopes that counsel takes such responsibility seriously in the future.

6                    Opinion of the Court                    25-11166

nevertheless expect accurate representations from any attorney appearing before this Court.[3]  But it seems that counsel has failed to use the required "legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation [at hand]." Model Code of Pro. Conduct R. 1.1. (Am. Bar Ass'n 1980).

Accordingly, the FDOC's motion to strike the relevant portions of Parnell's reply brief is **GRANTED**.  We **GRANT** the FDOC's motion for attorney's fees for the time spent preparing the motion to strike and for sanctions.  We reserve jurisdiction to enter an order determining and awarding attorney's fees.  We direct the FDOC to submit an affidavit in support of the amount of attorney's fees requested within ten days of this opinion being filed, and Parnell's counsel will have ten days thereafter to respond to that affidavit once filed.

Additionally, pursuant to Eleventh Circuit Rule 2 in Addendum Eight, we refer attorney Dufirstson J. Neree to the Committee on Lawyer Qualifications and Conduct for any disciplinary actions that the Committee deems appropriate.  *See* 11th Cir. R., Addendum Eight, Rule 2.

**AFFIRMED and ORDERED.**

---

[3] The Florida Supreme Court amended Florida Rule of General Practice and Administration 2.515(d)(2) to address the use of generative AI.  *In re Amends. to Fla. Rule of Gen. Prac. & Jud. Admin. 2.515*, No. SC2026-0673, -- So. 3d --, 2026 WL 1487646, at *1 (Fla. May 28, 2026).  Rule 2.515(d)(2) now requires the signer of a court filing to represent that all legal authorities identified in the filing exist and are accurately cited, and after the signer is provided notice and an opportunity to be heard, sanctions may be imposed.  *Id.*